IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAFEWAY, INC., a Delaware
corporation,

        Plaintiff,

   v.

LOCAL 439 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN, AND
HELPERS OF AMERICA, a labor
organization,

        Defendant.

_____/

No. 2:08-cv-01136-JAM-JFM

ORDER ISSUING DECLARATORY
JUDGMENT

Plaintiff Safeway, Inc. ("Safeway"), brought this action against Local 439 International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America ("Teamsters") for a declaratory judgment, for violation of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and to compel arbitration.  Safeway now brings a motion for a speedy hearing on relief under Rule 57 of the Federal Rules of Civil

Procedure and 9 U.S.C. § 4.  Teamsters opposes the motion.  For the reasons stated below, Safeway's motion is GRANTED.

FACTUAL AND PROCEDURAL BACKGROUND

Safeway and Teamsters negotiated a collective bargaining agreement (CBA) for the period of August 10, 2003 to September 27, 2008.  Article XXVI of the CBA states in relevant part:

> If XX is unable to serve, the parties will appoint another permanent arbitrator.  Should the parties fail to agree on the replacement for the permanent arbitrator they shall select an arbitrator from a panel of (7) arbitrators having offices in Northern California furnished by the FMCS.  The Arbitrator shall be selected by the alternate striking method, the order of choosing determined by the winner of a coin toss.

> The parties shall arrange with the arbitrator mutually agreeable dates, with a minimum of one date per month for a period of twelve (12) months for the Adjustment Boards to be convened.  It is the intent of the parties that as many cases as can be heard, per monthly session, will be heard.  By mutual agreement of the parties and the arbitrator, more dates may be scheduled.  In no case shall attorneys be members of the Board of Adjustments except for the neutral member.

> **Once each twelve (12) month period, either party may remove the arbitrator and request that a new arbitrator is chosen.**  If the parties cannot mutually agree on the selection of a new arbitrator, the arbitrator will be selected using the alternate selection method indicate above.  If no such request is made, the arbitrator shall be renewed for an additional twelve- (12) month period.

(emphasis added).  On December 10, 2007, the parties selected Arbitrator Barbara Bridgewater ("Bridgewater") for the position of permanent arbitrator.  The parties scheduled one date per month through the expiration of the CBA for grievance hearings.

On April 14, 2008, the parties submitted the question of arbitrability of a grievance regarding the enforcement of a settlement agreement ("CPS dispute") to the Board of Adjustment. Bridgewater participated in this hearing as the neutral arbitrator.  On the same day, Safeway issued a letter terminating Bridgewater.  On May 7, 2008, Bridgewater issued a letter opinion stating that she would appear at the scheduled May 22, 2008 hearing at the Union's request, but made no statement as to whether she had jurisdiction to continue to hear matters.  On May 14, 2008, Bridgewater authored an opinion for the majority of the Board of Adjustment stating that the CPS dispute was arbitrable.  Safeway appeared at the May 22, 2008 hearing although it objected to Bridgewater's jurisdiction. Safeway subsequently appeared at a previously scheduled June 12, 2008 hearing, again objecting to Bridgewater's jurisdiction.

On May 21, 2008, Safeway filed a complaint against Teamsters for a declaratory judgment that Bridgewater did not have jurisdiction to hear matters after her termination and compelling Teamsters to select a new permanent arbitrator.  On July 9, 2008, a hearing on Safeway's motion was held in this Court.

OPINION

As a threshold matter, this Court must determine whether it has the authority to determine whether Bridgewater could be

terminated by Safeway under the CBA.   Teamsters argues that this Court does not have the authority to make this determination and should not make this determination because the CBA defines a grievance as "any controversy between the Company, the Union or an employee arising out of an alleged violation of a specific provision of this Agreement," and therefore Bridgewater's ability to hear grievances is subject to arbitration. Specifically Teamsters claims that the issue of Bridgewater's authority to determine her own jurisdiction to hear grievances has already been presented to her for determination by both parties and that on May 7, 2008 Bridgewater decided this issue finding that she had authority under the CBA to hear and decide cases for the remainder of her twelve month period. The Court finds Teamsters' argument to be without merit.

        The Ninth Circuit has stated that:

        In general, the resolution of whether a dispute is subject
        to arbitration is a task for the courts.  However, the
        courts will be divested of that authority if the parties
        'clearly and unmistakably provide' that an arbitrator is to
        decide whether a dispute is subject to arbitration.

Southern California Dist. Council of Laborers v. Berry Constr., Inc., 984 F.2d 340, 344 (9th Cir. 1993); see also Brotherhood of Teamsters & Auto Truck Drivers Local # 70 v. Interstate Distributor Co., 832 F.2d 507, 509 (9th Cir. 1987)("While an arbitration clause could be drafted in such a manner as to authorize an arbitrator to resolve disagreements over the scope

4

of the clause..., courts do not ordinarily construe standard arbitration clauses, even the broader ones, as doing so."). Although the definition of grievance in the CBA is broad, it does not specifically grant the arbitrator the authority to decide matters of arbitrability.  Accordingly, the Court has the authority to consider this matter.

Safeway seeks a declaratory judgment that Bridgewater did not have the authority to resolve grievances after her termination.  The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." In this case, the Court finds that Safeway rightfully terminated Bridgewater's employment as permanent arbitrator.

The CBA states that "[o]nce each twelve (12) month period, either party may remove the arbitrator and request that a new arbitrator is chosen."  Under the plain language of the CBA, both Safeway and Teamsters had the right to terminate Bridgewater at any time during the 12-month period.  Teamsters argues that the arbitrator may only be terminated at the conclusion of the 12-month period, and to find otherwise would be to render meaningless the 12-month requirement.  However, there is no language in the CBA restricting a party's right to remove an arbitrator to the end of the 12-month period.  Also,

even if they may remove an arbitrator at any time, the parties are still bound by the 12-month period.  After a new arbitrator is appointed, a party may not again exercise its right to terminate the arbitrator until the existing 12-month period has elapsed.  Accordingly, because Safeway properly terminated her on April 14, 2008, Bridgewater did not have the authority to hear and decide grievances submitted to her after that date.

The Court further finds that the issue of Bridgewater's jurisdiction was never submitted to her by Safeway. On April 14, 2008, Safeway told Bridgewater that she had been terminated. Teamsters objected to that termination and made arguments by way of letter to Bridgewater. Safeway responded to these letters and clarified that it had not submitted the issue to Bridgewater. In short, the facts clearly reveal that Safeway did not agree to submit the question of her jurisdiction to Bridgewater and the dispute was not properly before her. Tellingly, she did not even have a hearing on the issue. Contrary to Teamsters' argument, the May 7, 2008 letter issued by Bridgewater is not a final award and in no way can be interpreted as a final decision on the issue of whether Bridgewater was properly terminated by Safeway. The issue of Bridgewater's jurisdiction is an issue for this Court to decide and it has decided that issue in Safeway's favor.

Although Arbitrator Bridgewater does not have authority to determine the scope of her jurisdiction, the Board of Adjustment's May 14, 2008 opinion (authored by Bridgewater) deciding that the CPS dispute was arbitrable stands. Because Safeway submitted the dispute to the Board of Adjustment prior to terminating Bridgewater, it consented to her authority to participate in resolving the matter. See Fortune, Alsweet & Eldridge, Inc. v. Daniel, 724 F.2d 1355, 1357 (9th Cir. 1983) ("We have long recognized a rule that a party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result.") Thus, the Board of Adjustment's decision regarding the arbitrability of the CPS dispute remains in effect.

Safeway also seeks an order compelling Teamsters to arbitrate before a new permanent arbitrator. Because Safeway rightfully terminated Bridgewater's employment as permanent arbitrator, Teamsters must proceed with the selection of a new arbitrator under the terms of the CBA. Under the Federal Arbitration Act, 9 U.S.C. § 4, the Court has the authority to order that arbitration proceed according to the terms of the agreement. Accordingly, both parties should begin the process

of selecting a mutually agreeable arbitrator or, failing this, employ the alternate strike method.

ORDER

For the reasons stated above, the Court orders as follows:

1.   Arbitrator Bridgewater did not have jurisdiction over grievances brought under the CBA between Teamsters and Safeway after April 14, 2008.  All decisions made by her on matters submitted after that date are null, void, and unenforceable.

2.   The decision issued by the Board of Adjustment and signed by Arbitrator Bridgewater on May 14, 2008 regarding the arbitrability of the CPS dispute remains in effect.

3.   The parties are hereby ordered to proceed in selecting a new permanent arbitrator according to the terms of the CBA.

IT IS SO ORDERED.

Date: July 16, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE